CAMDEN COMMERCIAL COLLEGE, A CORPORATION, v. MAY H. PIPER AND HELEN M. PIPER.

Argued May 3, 1927—Decided May 18, 1927.

Contracts—Promissory Note Given by Mother and Infant Daughter For Schooling—Consideration Paid—Judgment For Both Defendants Manifestly Wrong and Must be Reversed—The Infant Defendant Should, on New Trial, be Properly Brought Into Court Through Next Friend Where Infancy May be Pleaded and Where Plaintiff May Invoke Rule of Necessaries.

On plaintiff's appeal from the Camden District Court.

Before Justices PARKER and CAMPBELL.

For the appellant, *A. Moulton McNutt.*

For the appellees, *T. Harry Rowland.*

PER CURIAM.

The suit is on a promissory note payable thirteen months after date, signed by a mother and daughter, the consideration being schooling of the daughter who, at the date of the note, was, and still is, an infant. By the state of the case it appears that there is due on the note $163.80, with interest. The record shows that the District Court rendered a judgment in favor of the defendants; on what ground we cannot conceive, as there is no question raised but that the defendants executed the note for a valuable consideration then or later advanced by the plaintiff; that the plaintiff holds the note, that it has matured, and has not been paid.

As to the mother the judgment is manifestly wrong, and must be reversed. The case of the daughter presents the technical difficulty of procedure, that she is an infant, and that as no next friend or guardian *ad litem* has been appointed to represent her in the suit, until a next friend is appointed, no judgment as to her can be lawfully rendered. *Foulkes* v. *Young,* 21 *N. J. L.* 438.

The judgment will be reversed as to both defendants below and the case remanded for a new trial, prior to which the infant should be properly brought into court through a next friend, and may if desired plead her infancy at the time of signing the note. *Fenton* v. *White,* 4 *N. J. L.* 100, in which case the plaintiff may, of course, invoke the rule of necessaries with whatever effect it may have under the circumstances of the case. See 31 *C. J.* 1079.

Let the judgment be reversed and the cause proceed as indicated herein.